IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSEPH CLINT MARTIN #496557, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 3:15-cv-00650 |
| ) | |
| MONTGOMERY COUNTY JAIL, ) | Judge Campbell |
| ) | |
| Defendant. ) | |

**MEMORANDUM**

Plaintiff Joseph Martin, a state inmate serving a 10-year sentence in the Montgomery County Jail, has filed this *pro se* civil rights action under 42 U.S.C. § 1983. (ECF No. 1.) The complaint (Docket Entry No. 1) is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

**I.  Standard of Review**

Under the PLRA, the court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or brought by a prisoner-plaintiff against government entities or officials, 28 U.S.C. § 1915A, or challenging the conditions of confinement, 42 U.S.C. § 1997e(c).  Upon conducting this review, the court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).  The Sixth Circuit has confirmed that the dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), "governs dismissals for failure to state a claim under those statutes because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). Thus, to survive scrutiny on initial review, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). *Pro se* status, however, does not exempt a plaintiff from compliance with relevant rules of procedural and substantive law. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme] Court nor other courts . . . have been willing to abrogate basic pleading essentials in pro se suits."); *see also Brown v. Matauszak*, 415 F. App'x 608, at *5 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot create a claim which [a plaintiff] has not spelled out in his pleading") (citation and internal quotation marks omitted; alteration in original).

## II.  Factual Allegations

Plaintiff alleges in his statement of facts (ECF No. 3) that inmates of the Montgomery County Jail are required to shower in sight of male and female guards, and that on at least one occasion a female guard has verbally harassed or mocked him while he was in the shower.

Plaintiff alleges that the air circulation in the jail allows mace sprayed by a guard on one floor to choke and burn the skin and eyes of inmates on another floor, and that a guard recently laughed about the situation after spraying someone with mace and leaving the pod.

Plaintiff also complains that inmates are not provided with tables or chairs and are required to eat in the floor or on the toilet.

Plaintiff alleges that he was recently put on lock-down for 48 hours, lost his job for 6 months and will likely not be granted parole because jail staff failed to inspect and discover that a razor was broken before they delivered it to him. He alleges that jail policy provides that inmates are only entitled to an investigation if they are placed on lock-down for 72 hours or more.

Finally, Plaintiff alleges that his right to Equal Protection is being violated by his placement at the Montgomery County Jail rather than in a Tennessee Department of Correction ("TDOC") facility where he

could have access to educational and treatment programs that could improve his life and his chances of being granted parole.

## III.     Discussion

Plaintiff brings suit under 42 U.S.C. § 1983 to vindicate alleged violations of his federal constitutional rights.  Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012).  Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The only defendant named by Plaintiff is the Montgomery County Jail.  But it is well established that a jail is not a "person" subject to suit under § 1983. *See Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (county jail is a department of the county and not a legal entity susceptible to suit); *Travis v. Clinton Cnty. Jail*, No. 1:10-cv-1276, 2011 WL 447000, at *2 (W.D. Mich. Feb. 4, 2011) ("The jail is a building, not an entity capable of being sued in its own right.").  However, because Plaintiff alleges that the claimed violations at the jail are carried out under the authority of an official policy (ECF No. 1, at 5), the Court will construe his complaint liberally to state a claim against Montgomery County itself. *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("The County may be held liable for [Plaintiff's] injuries only if those injuries were the result of an unconstitutional policy or custom of the County.").

Turning to the substance of Plaintiff's allegations, the Sixth Circuit has held that, depending on the circumstances, surveillance of opposite-sex guards while showering may state a claim under § 1983. *Kent v. Johnson*, 821 F.2d 1220, 1224–28 (6th Cir. 1987) (reversing dismissal of opposite-sex surveillance claim for failure to state a claim).  Accordingly, while the validity of Plaintiff's claim will ultimately hinge on factors to be developed in litigation, including the government's interest in the opposite-sex surveillance and the availability of alternatives, *id.* at 1230 (citing the factors to be applied from *Turner v. Safley*, 481 U.S. 78 (1987) and explaining that summary judgment may later be appropriate even where dismissal was improper), the Court finds this claim sufficient to survive initial review.

Plaintiff's allegations about being ridiculed by a particular female guard while he was showering, however, do not independently state a claim for relief. Harassment and verbal abuse, no matter how "shameful and utterly unprofessional," do not violate the Constitution. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 545–46 (6th Cir. 2004) (affirming dismissal for failure to state a claim where plaintiff's allegations included continuous insulting remarks by guard); *see also Morrison v. Greenwald*, No. 3:09-CV-009, 2010 WL 1253962, at *9 (S.D. Ohio Feb. 24, 2010), report and recommendation adopted, No. 3-:09-CV-009, 2010 WL 1253958 (S.D. Ohio Mar. 23, 2010) ("The Constitution does not protect inmates (or anyone else) from gross insults by public officials, including prison guards. Furthermore, Plaintiff suffered no injury from the insult."). Accordingly, the remarks by the guard in question, although "shameful and utterly unprofessional," and potentially relevant to Plaintiff's opposite-sex surveillance claim, do not state a substantive claim for which relief can be granted under § 1983.

Plaintiff's claim regarding his exposure to mace, like his opposite-sex surveillance claim, will ultimately turn on the facts of the case. The Eighth Amendment prohibits the imposition of unnecessary and wanton pain on inmates. *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). To comply with that standard, the use of mace must not be "punitive, arbitrary, or malicious." *Treats v. Morgan*, 308 F.3d 868, 873 (8th Cir. 2002). Taking Plaintiff's allegations as true, as the Court must at this stage, and construing them liberally in his favor, the Court finds that he alleges that he has suffered pain from exposure to mace that was either arbitrary or outright malicious. Accordingly, the Court finds this claim to be sufficient to survive initial review.

The remainder of Plaintiff's claims do not implicate Constitutional rights and will be dismissed. The Eighth Amendment protects against conditions of confinement that constitute serious health or safety threats, but not against those that cause mere discomfort or inconvenience. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992). An inmate "cannot expect the amenities, conveniences and services of a good hotel." *Harris v. Fleming*, 839 F.2d 1232, 1235 (7th Cir. 1988), quoted in *Thaddeus-X v. Blatter*, 175 F.3d 378, 405 (6th Cir. 1999). While prison conditions may be "restrictive and even harsh," they do not violate the Eighth Amendment unless they "deprive inmates of the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Not every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual punishment within the meaning of the Eighth Amendment." *Ivey v. Wilson*, 832 F.2d 950, 954

(6th Cir.1987) (per curiam).  In the context of a conditions-of-confinement claim, only extreme deprivations can be characterized as punishment prohibited by the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  For challenged jail conditions to qualify as extreme, they must have resulted in "the deprivation of [at least one] identifiable human need such as food, warmth, or exercise-for example, a low cell temperature at night combined with a failure to issue blankets." *Wilson v. Seiter*, 501 U.S. 294, 304 (1991). Having to eat without a table or chairs does not amount to that level of deprivation.

Nor does a 48-hour stay on lock-down for a disciplinary infraction, in the absence of any allegations that Plaintiff was deprived of the minimal necessities during his stay on lock-down.  Plaintiff complains that jail policy deprives him of an investigation prior to a 48-hour lock-down, but to establish a due process violation concerning placement in segregation, he must show that he suffered restraint that imposed an "atypical and significant hardship on [him] in relation to the ordinary incidents of prison life." *Rimmer–Bey v. Brown*, 62 F.3d 789, 790–91 (6th Cir.1995) (quoting *Sandin v. Conner*, 515 U.S. 472, 484, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995)).  Plaintiff has not made that showing here.

Finally, as to Plaintiff's claims about his lack of access to educational classes and other programs that would be available if he were housed in a TDOC facility rather than a local jail, inmates do not have a constitutionally protected liberty interest in prison vocational, rehabilitation, or educational programs based on the Fourteenth Amendment. *See, e.g., Moody v. Daggett*, 429 U.S. 78, 88 n. 9 (1976) (Due Process Clause not implicated by prisoner classification and eligibility for rehabilitative programs, even where inmate suffers "grievous loss"); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir.2003) ("Prisoners have no constitutional right to rehabilitation, education, or jobs.").  Thus, Plaintiff's claim for alleged denial of vocational, educational or other rehabilitative services fails to state a claim under the Eighth and Fourteenth Amendments. *See Carter v. Morgan*, 142 F.3d 432 (Table), 1998 WL 69810, at *2 (6th Cir. Feb.10, 1998) (no constitutional right to educational classes).

Because prisoners lack a right to educational, vocational or rehabilitative services, Plaintiff's equal-protection claim fails to state a claim for relief. *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir.1997). Plaintiff's status as a convicted prisoner in a county jail with access to fewer rehabilitative programs than convicted prisoners in a state prison, does not create "suspect class" for this claim. *See id.* (a prisoner's

classification does not implicate a fundamental right); *Caderno v. Thorns*, 50 F. App'x 200, 201 (6th Cir. 2002) ("Inmates have no right to be housed in a particular institution or a particular part of an institution.") (citing *Meachum v. Fano*, 427 U.S. 215, 225 (1976)). *See also Carter*, 1998 WL 69810, at *2 (noting that a "claim of being treated differently from other inmates with regard to participation in the outside educational opportunities has no constitutional underpinnings").

## IV. CONCLUSION

For the reasons set forth herein, Plaintiff's claims regarding opposite-sex surveillance while showering and arbitrary exposure to mace state plausible claims for relief sufficient to survive initial review, and process shall issue on those claims. The remainder of Plaintiff's claims will be dismissed for failure to state a claim. An appropriate Order is filed herewith.

                                                           */s/ Todd Campbell*
Todd Campbell
United States District Judge